[Illinois Car & Equipment Co. v. Walch, Administratrix.]

upon the track, and knew as well as the engineer did, whether there was a switchman there or not. The charge should not have been given. We discover no reversible error in the other charges given for plaintiff.

19.   The defendant requested a great number of charges, about forty of which were given, and nearly an equal number refused. Those given seem to cover every phase of the case, and were quite as favorable, if not more so, than could have been demanded. We do not desire to go to the great and unnecessary length of reviewing each of these refused charges. They have been considered and we find no reversible error in them. Having reference to the pleadings and evidence, it is sufficient to say of them, that they are either misleading, argumentative, abstract or positively erroneous.

For the errors in the admission of rule 104 and the giving of the two charges C. and H. for plaintiff, the judgment of the court is reversed and the cause remanded.

Reversed and remanded.

# Illinois Car & Equipment Company v. Walch, Administratrix.

*Action for Damages for Death of Employe.*

[Decided Jan. 14th, 1902.]

1. *Action for death of employe; pleading under subd. 1 of § 1749 of Code; defects; proximate cause.*—In an action by the administrator of a deceased employe against his employer to recover damages for his death, a count in the complaint averred that while intestate was on top of the platform of a flat car loading rails thereon, the top or platform was by the weight of said rails overturned, and left the remaining portion of the car, and turned bottom side up on the ground, "and plaintiff's intestate was thrown with such force to the ground that he received injuries from which he then and

[Illinois Car & Equipment Co. v. Walch, Administratrix.]

there died;" and "that said injuries and death of plaintiff's intestate were caused by reason of a defect or defects in said car in this: *1st.* That said car was worn and weak, insufficient and dangerous for moving or bearing heavy loads such as iron rails. *2nd.* The top or platform of said car was not bolted or fastened down sufficiently or securely to the other portions of said car. *3rd.* Some of the timbers of said car were worn, cracked, partially decayed, or too weak to resist the strain upon them when being loaded. *4th.* Some of the iron bolts, pins, or fastenings used to hold the top or platform of said car down were old, rusty and weak. *5th.* The top or platform of said car had been raised by means of blocks of wood so that it was higher than as ordinarily constructed." *Held*: That the count sufficiently showed that the death of the plaintiff's intestate resulted from the defective and insecure attachment of the platform to the car, through its consequent overturning.

2. *Employer and employe; pleading under subdiv. 2 of sec. 1749 of Code; selection of safe appliances.*—A count in a complaint claiming for the negligence of a person, entrusted by defendant with the superintendence of selecting and placing cars to be loaded by plaintiff and his crew, in selecting and placing for use by them a car which was in a defective and dangerous condition, for such use, without apprising plaintiff of its condton, states a good cause of action under subdivision 2of section 1749 of tae Code, and is not demurrable for joining two distinct causes of action under the Employers' Liability Act, or for failng to show negligence of such superintendent as the cause of the injury.

3. *Employer and employe; pleading under subdiv. 3 of section 1749 of Code; sufficiency of complaint.*—In an action by the administrator of a deceased employe against his employer to recover damages for his death, a count in the complaint alleged that while the deceased was in the line of his duty, assisting other employes in loading iron rails on a flat car used in defendant's business, the platform of said car overturned, throwing intestate to the ground with such force that he received injuries from which he immediately died; that the work of loading said iron rails on said car was dangerous, and the car defective, and that said platform was overturned and the injuries inflicted because of said defects; and that there was a person in defendant's employ, to whose orders or directions the intestate was bound to conform, and who, without informing intestate that said car was

[Illinois Car & Equipment Co. v. Walch, Administratrix.]

defective or dangerous, negligently ordered intestate to as-
sists in loading said iron rails upon it, and said intes-
tate conformed to said order or direction, and his said in-
jury and death resulted from his having so conformed. *Held*:
That said count was not subject to demurrer for failure to
show that deceased was injured by reason of having con-
formed to said orders, · or for failure to show the cause of
said platform leaving the car and turning over upon plain-
tiff's intestate.

4. *Employer and employe; order of superior; evidence; res gestae;
contributory negligence.*—Where an employe was killed while
placing rails on a flat car, and in an action for his death
a material issue in the case was his contributory negligence
in the manner of loading said rails, evidence that defend-
ant's superintendent in directing him to load the rails told
him to get them "loaded as quick as possible" was inadmis-
sible, not being part of the *res gestae* of the main trans-
action, throwing no light on it, and having no tendency
to prove that such employe exercised due care in his under-
taking.

5. *Contributory negligence; when contributory.*—In such a case, if
such deceased employe was guilty of negligence in the manner
of loading the car, such negligence was proximately con-
tributory to his injury; and defendant was entitled to a
charge that if he was guilty of contributory negligence in
loading said car, mere defects in said car would not entitle
plaintiff to recover.

6. *Employer and employe; contributory negligence; general charge
for defendant.*—Where an employe was injured, while load-
ing iron rails on a car, by the platform overturning and throw-
ing him to the ground, and there was evidence tending to
show that the car was in a defective condition, that but
for its defects the platform would not have overturned, and
that said employe had a right to assume that the car was
in proper condition, the questions of defendant's negligence,
and of contributory negligence in loading the  car  in
an improper manner, were both for the jury.

7. *Amendment to complaint, when not barred by statute of limi-
tations.*—Where counts added by amendment after the filing
of the original complaint, are merely different statements
of the same cause of action presented by the original com-
plaint, they relate back to the filing of the original com-
plaint, and are not subject to a plea of the statute of limi-
tations, where the original counts were filed within the pre-
scribed time.

APPEAL from Calhoun Circuit Court.

Tried before Hon. A. P. AGEE, Special Judge.

Action by Ellen Walch as administratrix of the estate of Patrick Walch, deceased, for damages for his death while in the employ of the defendant, appellant.

The injury occurred in January, 1899, and the original complaint, ascribing the injury to defects in the car, was filed in the following May. In June, 1900, counts 6, 7 and 8 were added to the complaint by amendment, and plaintiff afterwards amended by striking out all counts except these three. The 6th count alleged "that while plaintiff's intestate was acting in the line of his duties as an employe of defendant, in loading or assisting in the loading of iron rails on a flat or platform car, connected with or used in the business of defendant, the top or platform of said car was by the weight of said rails overturned and left the remaining portion of the car and turned bottom side up upon the ground, and plaintiff's intestate, who was on the top or platform of the car, was thrown with such force to the ground, that he received injuries from which he immediately died. Plaintiff further avers that the said injuries and death of her intestate was caused by reason of a defect or defects in the said car, in this, viz: 1st. Said car was worn and weak, insufficient and dangerous for moving or bearing heavy loads, such as iron rails. 2nd. The top or platform of said car was not bolted or fastened down sufficiently or securely to the other portion of the car. 3rd. Some of the timbers of said car were worn, cracked, partially decayed, or too weak to resist the strain upon them when it was being loaded. 4th. Some of the iron bolts, pins or fastenings used to hold the top or platform of said car were old, rusty and weak. 5th. The top or platform of the car had been raised by means of blocks of wood, so that it was higher than as ordinarily constructed. Plaintiff further avers that the defects in said car arose from, or had not been discovered or remedied, owing to the negligence of the defendant or of some person in the service or employment of defendant to whom it entrusted the duty of seeing that its ways, works, ma-

chinery or plant were in proper condition." The 7th count was substantially the same as the 6th down to and including the words, "from which he immediately died." It then continued as follows: "And that said top or platform of said car turned over because of a defect in said car as hereinafter set forth. Plaintiff further avers that there was a person in the service or employment of the defendant at said time and place whose name is to the plaintiff unknown, but who had superintendence intrusted to him in the work of selecting or placing cars at points on defendant's railroad tracks where they were to be loaded, and the said injuries and death of plaintiff's intestate were caused by reason of the negligence of said person, in this: The said person whilst in the exercise of said superintendence negligently selected or placed said car, which was a worn and weak car, out of repair and dangerous, at the point on the track where it was to be loaded or undertaken to be loaded with iron rails, without informing said intestate that it was worn, weak out of repair and dangerous. And that by reason of said defects in said car the top or platform turned over, falling upon plaintiff's intestate and inflicting the injuries resulting in his death."

The 8th count was substantially the same as the sixth down to and including the words "from which he immediately died." It then continued: "Plaintiff avers that the said car was so worn, weak, defective and out of repair, that the work of loading said iron rails upon it was dangerous, and that said platform was overturned and the injuries inflicted because of said defects in said car, and there was a person in the service of defendant at said time and place, whose name is unknown to her, but said intestate was in duty bound to conform to the orders or directions of said person, and the said person, without informing said intestate that said car was worn, weak, out of repair and dangerous, negligently ordered or directed said intestate to load or assist in loading said iron rails upon it, and said intestate conformed to said order or direction, and his said injury and death resulted from his having so conformed."

Demurrers to the 6th count were upon the grounds (1st) that the defect alleged was not shown to be the proximate cause of Walch's death; (2nd) that it did not sufficiently appear what caused the top or platform of the car to turn over and fall on Walch. The demurrers to the 7th count were on the grounds, (1st) that the placing of said car on the track was not shown to have been the cause of the injuries complained of; (2nd) that it did not sufficiently appear therefrom that any negligence on the part of the superintendent caused the top of said car to turn over on plaintiff's intestate; (3rd) that said count united an alleged cause of action provided for in subdivision 1 with an alleged cause of action provided for in subdivision 2 of section 1749 of the Code of Alabama. The demurrers to the 8th count were upon the grounds (1st) that it failed to show that deceased was injured by reason of having conformed to said orders; (2nd) that it failed to show the cause of said platform leaving the car and turning over on plaintiff's intestate. These demurrers were overruled. The trial was had on issue joined on pleas of the general issue, the statute of limitations of one year, and contributory negligence in the manner of loading the car.

There was conflict in the evidence as to whether the car was defective or not, and as to whether such defective condition, if it existed, caused the injury. The evidence showed that Walch was foreman of the yard gang, who were picking up some iron and steelrails on the grounds of the company and loading them on a flat car; that he had direction of the gang engaged in the loading and directed the manner of loading the rails; but that he had nothing to do with the inspection of cars, and that it was no part of his duty to know the condition of cars as to safety. The car turned over on the west side, after thirty-odd rails had been piled on that side of the car. The only eye-witnesses to the accident were members of the gang engaged in loading the car and a person connected with the engine. They each testified to statements made by them to Walch while the loading was going on, in the way of sugges-

tions that the rails ought to be scattered out over the car instead of being all placed on one side; to which Walch replied, "that he was attending to that business;" "I'll mind this up here;" "I'll manage that." When told by one witness that, if he was going to scatter the rails over the car, "he ought to do so now," he replied, "After a while." Other facts appear from the opinion. The defendant requested the general affirmative charge as to each of the counts numbered 6, 7 and 8, and upon the whole case. Charge 9 requested by defendant was as follows: "The court charges the jury that if Pat Walch was guilty of contributory negligence in loading said car, mere defects in said car would not entitle plaintiff to recover."

From a judgment for plaintiff defendant appeals.

WILLETT & BROTHERS, for appellant.—(1.) The 7th count was subject to demurrer for joining two distinct causes of action under the Employer's Liability Act. *H. A. & B. R. Co. v. Dusenberry*, 94 Ala. 413; *R. & D. R. R. Co. v. Weems*, 97 Ala. 270; *B R. & E. Ry. Co. v. Baylor*, 101 Ala. 492. (2.) Walch was guilty of contributory negligence in adopting an unsafe way of loading the car.—*George v. M. & O. R. R. Co.*, 109 Ala. 246; *H. A. & B. R. R. Co. v. Walters*, 91 Ala. 436; *Davis v. Western Ry. of Ala.*, 107 Ala. 626; *McDonald v. A. M. R. Co.*, 26 So. Rep. 165. (3.) The general charge for defendant should have been given, because the cause of action stated in the 6th, 7th and 8th counts, on which the cause was tried, was barred by the statute of limitations of one year, and because the original counts having been struck by amendment, the declaration is to be considered as if those counts had never been introduced.—1 Ency. Pl. & Pr., 625; *Prescott v. Tufts*, 4 Mass. 146; *Colvin v .Peck*, 62 Conn. 155; *Roberts v. State Ins. Co.*, 26 Mo. App. 92; *Seibs v. Englehardt*, 78 Ala. 508; *A. & A. R. R. Co. v. Ledbetter*, 92 Ala. 326; *Barker v. Anniston St. Ry. Co.*, 92 Ala. 315; *Mohr v. Lemle*, 69 Ala. 180; *Evans v. Richardson*, 76 Ala. 329; *A. G. S. R. R. Co. v. Smith*, 81 Ala. 229. (4) The court should have given charge 9

[Illinois Car & Equipment Co. v. Walch, Administratrix.]

requested by defendant.—*L. & N. R. R. Co. v. Markee*, 103 Ala. 160; *R. & D. R R. Co. v. Bivins*, 103 Ala. 142; *L. & N. R. R. Co. v. Banks*, 104 Ala. 508; *George v. Mobile & Ohio R. R. Co.*, 109 Ala. 246; *Mobile & Ohio R. R. Co. v. George*, 94 Ala. 200. (5.) The evidence that defendant's superintendent ordered Walch to load the rails as quick as possible was not competent for any purpose.

W. P. ACKER, for appellee, cited 1 Ency. Pl. & Pr., 621; *L. & N. R. R. Co. v. Hall*, 91 Ala. 112; *A. G. S. R. R. Co. v. Arnold*, 80 Ala. 600; *Mayor, etc., v. Coleman*, 111 Ala. 407; *H. A. & B. R. R. Co. v. Sampson*, 112 Ala. 425; *Sheffield v. Harris*, 112 Ala. 614; *A. G. S. R. Co. v. Chapman*, 83 Ala. 453; *G. P. Ry. Co. v. Davis*, 92 Ala. 300; *M. & O. R. R. Co. v. George*, 94 Ala. 199; *Montgomery G. & L. Co. v. M. & E. R. R. Co.*, 86 Ala. 372.

McCLELLAN, C. J.—This is an action by the administratrix of an employe against the employer for negligence on the part of the defendant, or for which it is responsible, whereby the intestate came to his death. The intestate, Walch, was a member and foreman of a squad of defendant's employes whose duty in part was to load iron rails upon flat cars in defendant's yard. They were engaged in so loading such a car when Walch was killed. He and another of the force were on the car receiving rails passed up to them by the others, and placing them on the platform or floor of the car when the platform turned over by the side, clear of the trucks and threw him to the ground or upon the rails lying on the ground by the side of the car, and killed him. The theory of the complaint is that this keeling over and fall of the platform was caused by defects in the condition of the car. It is common knowledge that the platform of such a car extends over and beyond the wheels and considerably beyond its side supports. Of course when sufficient weight is put on the platform outside of its supports on one side to overbalance its weight on the other side of such supports,

32s

the result necessarily is to turn it and cause it to fall from the trucks, unless the force of the overbalancing weight is resisted and overcome by fastenings of the platform to the trucks. The 6th count of the complaint, —the trial was had on counts 6, 7 and 8,—alleges that while Walch was on top of the platform of the car loading or assisting in loading rails thereon, "the top or platform of said car was by the weight of said rails overturned, and left the remaining portion of the car, turned bottom side up upon the ground, or upon some iron rails there upon the ground beside the railroad track, and plaintiff's intestate was thrown with such force to the ground, or to and upon the iron rails there upon the ground, that he received injuries from which he then and there died," and it proceeds further to aver that "the said injuries and death of plaintiff's intestate Patrick Walch, was caused by reason of a defect or defects in said car in this: 1st. The said car was worn and weak, insufficient and dangerous for moving or bearing heavy loads such as iron rails. 2nd. The top or platform of said car was not bolted or fastened down sufficiently or securely to the other portions of said car. 3rd. Some of the timbers of said car were worn, cracked, partially decayed, or too weak to resist the strain upon them when being loaded. 4th. Some of the iron bolts, pins, or fastenings used to hold the top or platform of said car down were old, rusty and weak. 5th. The top or platform of said car had been raised by means of blocks of wood so that it was higher than as ordinarily constructed." These averments are awkward and somewhat inapt to the conclusion in view, but they are, we think, sufficient to show that Walch's death resulted from the defective and insecure attachment of the platform to the car through its consequent overturning; and we are of opinion that the demurrer to this count was properly overruled.

The 7th count claims for the negligence of a person intrusted with the superintendence of selecting and placing cars to be loaded by Walch and his crew in selecting and placing this car for use by them in loading the rails when it was in a defective and dangerous

condition for such use, without apprising Walch of its condition. The count is good under subdivision 2 of section 1749 of the Code. The duty of selecting appliances for a certain use involves the duty of selecting appliances reasonably fit for such use; and if a person in the employment of defendant in the exercise of superintendence in respect of the matter had a defective car supplied to Walch and in using it Walch was killed because of its defective condition, the defendant is liable under that clause of the statute.

The 8th count is framed under clause 3 of section 1749, and is not open to any of the objections taken by the demurrer, none of which appear to be insisted upon.

A very material issue on the trial was whether Walch was himself guilty of negligence in the manner of loading and placing the rails on the car in such way as to cause the platform to keel over and fall bottom upwards to the ground; and the evidence showed, as, indeed, the result proved, that he began placing the rails on the outer edge of the platform on one side and so continued until the platform overturned, though warned at the time of the danger of so doing.. For the manifest purpose of showing that he was not guilty of contributory negligence, the plaintiff was allowed against defendant's objection to prove that defendant's superintendent in directing Walch to load the rails told him to get them "loaded as quick as possible." This was error. The fact had no legitimate tendency to prove that Walch exercised due care in the undertaking, nor did it have any bearing by way of showing that his failure to observe the requisite degree of care was the fault of the superintendent rather than his own. assuming that to be a material inquiry. As said by counsel: "Because an employe is told to do a thing as quick as possible is no excuse for his being guilty of contributory negligence whereby he is injured, nor does it afford him a cause of action after he is injured." The direction was not a part of the *res gestae* of the main transaction, for that, among other reasons, it throws no light upon that transaction; and its whole office and effect in the case was to mislead the jury to find that

Walch was not negligent, upon a consideration wholly inpertinent to the inquiry.

However strong the evidence going to show contributory negligence may have been, there was yet other evidence from which it was open to the jury to infer that the car was in a defective condition, that but for its defects the platform would not have overturned and that Walch had a right to assume that the car was in proper condition. On these findings of fact, it was at least a question for the jury whether Walch was negligent in loading the car in the manner the evidence shows it was being loaded: The court could not declare as matter of law that no ordinarily prudent man would have proceeded as he did. It follows that the affirmative charges requested by defendant were properly refused, since there was neither a lack of evidence tending to show causal negligence on the part of the defendant, nor freedom from conflict in the evidence going to the inquiry of contributory negligence *vel non*.

If Walch was guilty of negligence in the manner of loading the car, it was on the evidence proximately contributory to his injury. There can be no doubt of the correctness of this proposition. Therefore referring charge 9 to the evidence, as all charges must be referred, it involved no tendency to mislead the jury to find for the defendant on account of negligence which did not proximately contribute to the injury. Abstractly considered the charge asserts a sound proposition of law. It should have been given.

The counts upon which the trial was had were filed as amendments to the original complaint after the lapse of a year from the time of intestate's injuries and death, but they are merely differing statements of the cause of action presented by the original counts, and in respect of the statute of limitations they related back to the filing of the original complaint.

For the errors pointed out the judgment of the circuit court must be reversed. The cause is remanded.