# Southern Car & Foundry Co. *v.* Bartlett.

*Action for Damages for Personal Injuries.*

1. *Employer and employe; pleading; Code; Sec. 1749, Subdiv. 3.*—A count alleged .that plaintiff, an employe of defendant, was working for defendant as a mill-wright. engaged in repairing machinery, and was so working under one B., as plaintiff's foreman, to whose orders he was bound to and did conform in said work; that his injury resulted from his having conformed to said orders; that said foreman negligently ordered and directed plaintiff to take out the bolts and fastenings which held a shafting and pulley in place, without in any way tieing said shafting to prevent it from falling; that when plaintiff put his hand through the opening in said pulley to tie a rope to it to let it down, it fell and injured plaintiff's hand; that said injury was caused by the negligence of said foreman, who was in the service of defendant and in the exercise of superintendence entrusted to him by defendant. *Held*: That said count was not demurrable, as failing to show negligence on the part of said foreman, or as showing contributory negligence on the part of plaintiff, and that said count stated a cause of action under subdivision 3 of section 1749 of the Code.

2. *Same; same; same.*—A count in a complaint alleged that plaintiff, an employe of defendant under one B. as foreman was engaged in taking down a broken piece of shafting to which was attached a large pulley; that said B. had superintendence of plaintiff and also of the work of taking down said shafting; that plaintiff was bound to conform to the orders of said B. and did so conform at the time of said injury; that said B., while in the exercise of said superintendence over plaintiff and the work, negligently ordered and directed plaintiff to take the bolts and fastenings out of said piece of broken shafting before tieing it in any manner to prevent it from falling. and negligently ordered and directed plaintiff to tie said piece of broken shafting after the bolts and fastenings were taken out; that plaintiff complied with said order, and

[Southern Car & Foundry Co. v. Bartlett.]

while he was in the act of doing so said· broken piece of shafting fell and mashed off. his finger. ·*Held*: That said count stated a good cause of action under subdivision 3 of section 1749 of the Code, and was not demurrable for showing contributory negligence in the doing of an obviously dangerous thing.

3. *Same; same; same.*—A· count alleged an injury· to plaintiff's hand received by. him while in defendan 's employment; caused by the falling of a piece of shafting with a large pulley on it; that said shafting fell and said injury was inflicted by reason of the negligence of·defendant's employe, one B., who was in charge ·of the work of taking down a· piece of broken shafting at defendant's plant; · that said injury resulted to plaintiff while acting under 'the' orders of··defendant's· said employe, who had charge of said work, and·while conforming thereto; that ·plaintiff was bound 'to conform to the orders of defendant's said employe, who was his superior and in charge of the· work of taking·down said' shafting, etc. *Held*: That said count failed to· state a· cause of action under · section 1749 of the Code, in that ·it failed to show that B; was entrusted with any superintendence or was negligent while in the exercise of superintendence, and failed to show that B. gave any order, or what it was, or that it was negligent.

4. *Same; Code, Sec. 1749, Subdiv. 2.*—A count in a complaint alleged that plaintiff was working for defendant under one B. as his foreman, in taking down a broken piece of shafting to which was attached a large pulley; that the means which defendant provided for taking it down was a large rope which was to be thrown over a plate above said shafting and pulley, and made fast to said pulley, so that it could be lowered by degrees and not allowed to fall; that said foreman was in the employ of defendant and had the superintendence of taking said shafting and pulley down entrusted to' him and whilst in the exercise of such superintendence negligently failed 'to tie or have said rope tied to said pulley and shafting before the fas⁺enings ·which held said pulley and shafting in place were taken loose; and negligently· ordered and directed plaintiff to take out the bolts and fastenings which held said pulley and shafting in place, before tieing said rope to said pulley; that the taking out of said bolts and fastenings before said rope was tied to said pulley left it with nothing to hold it except the pressure of its ends against the flanges to which it had been bolted, and. in a dangerous condition, being liable to fall on receiving the slightest jar, and when plaintiff attempted to tie said rope to said pulley it did fall and injure

[Southern Car & Foundry Co. v. Bartlett.]

plaintiff's hand; that the bolts which held said shafting and pulley in place were taken out before said rope was tied to said pulley, and by reason of this negligence plaintiff received his said injury. *Held:* That the count stated a good cause of action under subdivision 2 of section 1749 of the Code, and was not demurrable for showing contributory negligence.

5. *Employer and employe; evidence; damages.*—Where plaintiff has testified that he was a blacksmith in defendant's employment and was earning from $3 to $5 per day before he went to work for defendant, and that the injury had decreased his earning capacity, by rendering it impossible to do his work as rapidly as before the injury, it is not error to allow him to testify that he was discharged by defendant from his position as blacksmith—which he held after he received the injury—on the ground that he was too slow.

6. *Same; evidence; conclusion.*—Where defendant pleads that plaintiff was guilty of contributory negligence in taking out certain bolts, when he knew or should have known that by so doing the shafting and pulley would fall, it was not error to allow plaintiff to state that so far as he could see it was not dangerous to take out the bolts that held the pulley to the shafting.

7. *General affirmative charge; when improper.*—The general affirmative charge is never proper where there is direct conflict in the evidence on material issues in the case.

APPEAL from Circuit Court of Calhoun.

Tried before Hon. JOHN PELHAM.

The plaintiff, J. S. Bartlett, brought this action against the Southern Car & Foundry Company, and sought to recover damages for personal injuries received by him while in defendant's employment.

The several counts of the complaint construed in the opinion alleged the date of the injury and its nature and character and that plaintiff was in defendant's employment as a mill-wright. The negligence charged in the counts, respectively, is as follows:

Count 1.—Plaintiff was "so working under one Arthur Bradley, as plaintiff's foreman, to whose orders he was bound to conform and did conform in the work in which they were engaged; that said injury resulted from his having so conformed to said orders; that they were engaged in taking down a broken piece of shafting, to

which was attached a large pulley. Said shafting and
pulley were some 12 or 15 feet from the ground, and
said foreman negligently ordered and directed plaintiff
and others engaged in the work to take out the bolts
and fastenings which held said shafting and pulley in
place, without in any way tieing said shafting to pre-
vent it from falling; that when plaintiff put his hand
through the opening in said pulley to tie a rope to it
for the purpose of letting it down, it fell and caught
plaintiff's fore-finger of his left hand between the rim
of the pulley and the end of the shafting, and pinched
it off; that said injury was caused by the negligence of
said foreman, who was in the service of defendant, and
in the exercise of superintendence entrusted to him by
defendant."

Count 2.—That on said date "plaintiff was working
for defendant under one Arthur Bradley as his fore-
man, and at the time of said injury was engaged with
others working under said foreman, in taking down a
piece of broken shafting to which was attached a large
pulley; that said shafting and pulley were some 12 or
15 feet from the ground, and the means which the de-
fendant provided for taking it down was a large rope
which was to be thrown over a plate above said shaft-
ing and pulley, and made fast to said pulley, so that it
could be lowered by degrees and not allowed to fall;
that said foreman was in the employ of defendant and
had the superintendence of taking said shafting and
pulley down entrusted to him, and whilst in the exer-
cise of such superintendence negligently failed to tie or
have said rope tied to said pulley and shafting before
the fastenings which held the said pulley and shafting
in place were taken loose; and negligently ordered and
directed plaintiff and others engaged in said work to
take out the bolts and fastenings which held said pul-
ley and shafting in place, before tieing said rope to said
pulley. And plaintiff avers that the taking out of said
bolts and fastenings before said rope was tied to said
pulley left it with nothing to hold it except the pressure
of its ends against the flanges to which it had been
bolted, and in a dangerous condition, being liable to fall
on receiving the slightest jar, and when plaintiff at-

tempted to tie the said rope to said pulley, it did fall and caught plaintiff's finger, etc.; that the bolts which held said shafting and pulley in place were taken out before said rope was tied to said pulley, and by reason of this negligence, plaintiff received his said injury."

Count 4.— "That at the time of said injury plaintiff, was working for defendant under one Arthur Bradley as his foreman, and was engaged with others in taking down a broken piece of shafting to which was attached a large pulley; that said Bradley had superintendence of plaintiff and also of the work of taking down said piece of broken shafting; that plaintiff was bound to conform to the orders of said Bradley, who was also in the employment of said defendant, and did so conform at the time of said injury; that said Bradley, while in the exercise of such superintendence over plaintiff and over the work in which he was engaged, to-wit, in taking down said piece of broken shafting, negligently ordered and directed plaintiff to take the bolts and fastenings out of said piece of broken shafting before tieing it in any manner to prevent it from falling, and negligently ordered and directed plaintiff to tie said piece of broken shafting after the bolts and fastenings were taken out; that plaintiff was bound to conform to the orders of said Bradley; that plaintiff complied with said order and while he was in the act of doing so said piece of broken shafting fell and caught plaintiff's finger, etc.; that plaintiff was injured through the said negligence of said foreman in giving said order."

Count 5.—"Plaintiff avers that his forefinger was mashed off by the falling of a piece of broken shafting with a large pulley on it; that said shafting fell and said injury was inflicted by reason of the negligence of defendant's employe, Arthur Bradley, who was in charge of the work of taking down a piece of broken shafting at defendant's plant; that said injury resulted to plaintiff while acting under the orders of defendant's said employe, who had charge of said work, and while conforming thereto; that plaintiff was bound to conform to the orders of defendant's said employe who was his

superior and in charge of the work of taking down said shafting."

The defendant demurred to count 1 upon the following grounds: (1.) It does not sufficiently appear from said count that plaintiff's injuries resulted from his having conformed to the orders of defendant or defendant's foreman. (2.) It does not appear that it was necessary for plaintiff to have put his hand through said opening in said pulley. (3.) It does not appear from said count but that plaintiff was guilty of negligence in sticking his hand and fingers through said opening in said pulley. (4.) It does not sufficiently appear from said count that defendant or its foreman was guilty of any negligence, such as would entitle plaintiff to recover. (5.) It was the duty of the plaintiff and others engaged in the work to have tied said shafting to prevent it from falling, before taking out the bolts and fastenings, which held said shafting and pulley in place. (6.) For plaintiff to put his hand through the opening in said pulley, when it was in a falling condition, without the same being tied or secured in any way, was negligence, for which the plaintiff cannot recover. (7.) It was the duty of said plaintiff to have tied or fastened the said pulley before taking out the bolts securing the same, without any orders from said foreman to that effect. (S.) It does not appear from said count that said plaintiff was not aware of the fact that said pulley and shafting were not tied secure. (9.) It appears from said count that there was a perfectly safe way to have done the work, i. e., by tieing the pulley and shafting before taking out the bolts fastening or holding the same, and that plaintiff chose an obviously dangerous way by doing the contrary."

Substantially the same grounds of demurrer were interposed to the second and fourth counts of the complaint as to the first.

The grounds of demurrer to the fifth count were as follows: (1.) It does not appear from said count what was the negligence of said defendant or its employe. (2.) It does not sufficiently appear that defendant was guilty of any negligence such as will entitle plaintiff to recover. (3.) How or wherein the defendant was guilty

of negligence is not sufficiently averred. (4.) It is not averred that said employe, under whom plaintiff was acting, was defendant's foreman, to whose orders plaintiff was bound to conform and that he was injured from having so conformed. (5.) It does not appear but that the employe of defendant, who is alleged to be guilty of said negligence, was a mere co-laborer with plaintiff. (6.) It does not sufficiently appear why said shafting fell. (7.) It does not appear that plaintiff was injured while acting under the orders of defendant or its foreman, to whose orders he was bound to conform, and was injured from having so conformed. (8.) It does not state who was the employe of defendant to whose orders plaintiff was bound to conform, or that said employe's name is unknown to plaintiff.

These demurrers were overruled; and the trial was had on issue joined on pleas of not guilty and contributory negligence.

The opinion sufficiently shows the rulings on evidence and charges.

From a judgment for plaintiff defendant appeals.

J. J. WILLETT, for appellant.

MATTHEWS & WHITESIDE, contra.

HARALSON, J.—1. The complaint consisting of four counts, 1, 2, 4 and 5, is drawn under subdivisions 2 and 3 of the Employer's Liability Act, Code section 1749. The first count stating that plaintiff was working for defendant as a millwright engaged in repairing machinery at the defendant's plant in Anniston, Alabama, averred that while "so working under one Arthur Bradley, as plaintiff's foreman, to whose orders he was bound to conform and did conform in the work in which they were engaged, that said injury resulted from his having so conformed to said orders." After specifying the injury the plaintiff received, the count concludes: "That said injury was caused by the negligence of said foreman, who was in the service of defendant, and in the

exercise of superintendence intrusted to him by the de-
fendant." These averments are sufficient to bring the
count well under the third subdivision of said act, and
the demurrer to it was properly overruled."—*K. C., M.
& B. R. Co. v. Burton*, 97 Ala. 240; *Dantzler v. DeBar-
deleben C. & I. Co.*, 101 Ala. 309, 314; *Bear Creek M.
Co. v. Parker*, 134 Ala. 293.

The fourth count is also sufficient in its averments to
meet the requirements of said subdivision 3 of said act,
and was properly sustained as against the demurrers
filed to it.

The fifth count does not state a cause of action with-
in the statute. If the count was intended to make a case
under subdivision 2 of the Employer's Liability Act, it
is bad for the reason that it does not aver that Bradley
had any superintendence intrusted to him, or was negli-
gent while in the exercise of superintendence. Consid-
ered with reference to subdivision 3, the count is also
bad, because it does not aver that Bradley gave any
order or what order he gave, or that he was negligent in
giving the order, if he gave any."

The second count appears to have been filed under
subdivision 2 of said act. It alleges very fully that the
injury to the plaintiff was caused by reason of the negli-
gence of Arthur Bradley in the service or employment
of the defendant, who had superintendence intrusted to
him, whilst in the exercise of such superintendence.
The demurrer to it was also properly overruled.

2. Each of the counts 1, 2, and 4, were as full in the
averments of the negligence of the defendant's employe,
Arthur Bradley, as is required. They each set forth
a substantial and legal cause of action. We have fre-
quently held that very general averments of negligence
falling but little short of mere conclusions, meet the
requirements under our system of pleading.—*Mary L.
C. & R. Co. v. Chambliss*, 97 Ala. 171; *A. G. S. R. Co.
v. Davis*, 119 Ala. 572; *Armstrong v. Montgomery S.
R. Co.*, 123 Ala. 233; *C. of G. R. Co. v. Foshee*, 125 Ala.
200; *B. S. R. Co. v. Cuzzart*, 133 Ala. 262; 31 So. Rep.
979; *B. C. M. Co. v. Parker, supra; M. & O. R. Co. v.
George*, 94 Ala. 214.

16c

3.   It is assigned as error, that the court permitted the plaintiff, against the objection of defendant to testify, that he was discharged by defendant from his position as blacksmith,—which position he held after his finger was cut off,—on the ground that he was too slow.

The plaintiff had testified, that before he went to work for the company, his business was that of a blacksmith; that the loss of a part of his finger decreased his earning capacity in that profession; that he had not been able to make as much per day since he received, his injury; that he easily earned from $3 to $5 per day before he went to work for the company; that the part of the finger mashed off, was the part of it that worked in the handle of the tongs and such like tools, and the loss of it made it difficult to handle such tools; that it made him slow and clumsy with his work, as he had often to stoop over and pick up a piece of iron with both hands, on account of the loss of the finger, and that his earning capacity had thereby been decreased by about one-fourth.   He also testified, that since his injury he had worked for defendant as a blackmith, and received $2.50 per day, and defendant had paid his $3 per day before his injury.

There was no error in allowing this evidence to go to the jury, in connection with all the evidence, as tending to show the nature and extent of the injury plaintiff received.   If it caused him to be slower and less efficient in his earning capacity, as it tended to show, it was competent to be considered for that purpose.   The fact that defendant gave the plaintiff employment at $2.50 a day after his injury, and then discharged him because he was too slow with his work, was in corroboration of plaintiff's testimony, that the injury decreased his earning capacity as a blacksmith, in that it made it troublesome for him to handle his tongs and thereby disable him to do the same amount of work, and was less efficient in his earning capacity, since than before the injury.

Nor was there error in allowing the plaintiff to testify, that so far as he could see, it was not dangerous to take out the bolts that held the pulley to the shaft-

[Faircloth *et al.* v. Carroll *et al.*]

ing. Plaintiff had testified that Bradley had told him to take the bolts out. In defendant's 6th plea, it was set up, that plaintiff contributed proximately to his injuries by taking out these bolts, when he knew or should have known that by so doing, the shafting and pulley would fall. He had just testified that he did not know the shafting was broken until it fell and cut his finger off, and it was not illegal for him to testify as a fact, that so far as he could see it was not dangerous to take out the bolts without tieing up the pulley. It was certainly not incompetent to deny knowledge of a fact with which, as a matter of defense, he was charged by defendant.

4. The court gave 15 charges for the defendant, and all that were requested except the affirmative charges. The plaintiff requested no charges. Those given for defendant covered, and were intended to apply to, the different phases of defense set up by defendant. The affirmative charges were properly refused, since there was direct conflict in the evidence on material issues offered by the plaintiff and the defendant.

For the error in overruling the demurrer to the 5th count, let the judgment be reversed and the cause remanded.

Reversed and remanded.