# Creola Lumber Co., *v.* Mills.

*Action for Damages for Injury to Employe.*

(Decided Dec. 20th, 1906.   42 So. Rep. 1019.)

1. *Master and Servant; Injury to Servant; Fellow Servants; Complaint.*—A complaint which alleges that plaintiff was a brakesman on a logging train and received injuries while operating said train, that he was working under the engineer who was entrusted with the superintendence of plaintiff and of the operation of the train, and that while plaintiff was engaged in operating the trains, he was injured, and that the injuries were caused by the negligence of the engineer while in the exercise of such superintendence, shows that the neglignce of the engineer while in the exercise of his superintendence, and not as engineer, caused the injury, and is a good complaint under subdivision 2 of Section 1749, Code 1896.

2. *Same; Allegation of Negligence; Sufficiency.*—Where the complaint shows the duty of the employer to exercise care and his failure to do so, the negligence causing the injury may be averred in general terms.

3. *Same.*—A complaint which alleges that the engineer in charge of the train was entrusted with the superintendence of the operation of the same, and of the person injured, and that the injuries were caused by reason of the negligence of the engineer, to whose directions the brakesman, at the time of the injury, was bound to conform and did conform, and that the injury resulted from the brakesman having so conformed, while the engineer was in the exercise of superintendence states a good cause of action under subdivision 3 of Section 1749, Code 1896; the gravamen of the charge being that the injury resulted from the brakesman having conformed to a negligent order given by a co-employee to whose orders he is bound to conform.

4. *Same.*—A complaint based on subdivision 3, Section 1749, Code 1896, must aver the order given and conformed to and that the order was negligently given.

5. *Same.*—A complaint alleging that the injury was caused by the negligence of the engineer employed to operate the train, while so "engaged in the operation thereof," sufficiently alleges that the engineer had "charge or control of the train" within subdivision 5 of Section 1749, Code 1896.

[Creola Lumber Co., v. Mills.]

6. *Same; Contributory Negligence; Jury Question.*—Although the act of dismounting was unnecessary, it is not, under all circumstances, negligence, as a matter of law, for a brakesman to dismount from a moving train and attempt to board the locomotive.

7. *Appeal; Harmless Error; Ruling on Demurrer.*—Defendant filed a plea of contributory negligence alleging that plaintiff negligently placed his foot on the railroad track immediately in front of a locomotive operated thereon, and thereby sustained the injury complained of. A second plea of contributory negligence averred that his foot was on the track of the road. A demurrer was sustained to the second plea. Held, the defendant was entitled under the first plea to prove the defense set up by the second plea, and the sustaining of the demurrer thereto was harmless.

8. *Master and Servant; Injury to Servant; Contributory Negligence; Sufficiency of Plea.*—A plea of contributory negligence which alleges that plaintiff was guilty of contributory negligence, in that he attempted to get upon the locomotive while the same was in motion, failing to aver the facts showing wherein his attempt was negligent, is demurrable.

9. *Same; Proof of Negligence; Burden.*—An employee suing for personal injuries has the burden of showing that the negligence charged was the direct and immediate cause of the injuries complained of.

10. *Same; Evidence; Sufficiency.*—The evidence in this case examined and held insufficient to show that the obedience of the plaintiff to the orders of the engineer in control of the same, was the cause of the injuries, as is essential to a recovery under the pleading.

11. *Same; Assumption of Risk.*—A brakesman charged with the duty of sanding the track assumes the danger incident to the business of boarding the locomotive while the train was moving, in order to reach the position from which to sand the track.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by Robert Mills against the Creola Lumber Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

STEPHENS & LYONS, for appellant.—The 1st count was insufficient and the demurrers should have been sustained to same.—*H. A. & B. R. R. Co. v. Dusenberry,* 94 Ala. 413; *Clements v. A. G. Ry. Co.,* 127 Ala. 166.

On the same authority the demurrer should have been sustained to count 2. This count was further defective because it fails to allege that the order or direction was negligently given.—*Dantzler v. DeBardelaben*, 101 Ala. 309; *Parker v. Bear Creek Mill Co.*, 134 Ala. 293. The demurrers to count 4 should have been sustained, as only the negligence of an employe in the immediate charge or control of some of the machines or places mentioned in subdivision 5 can render the master liable. —*L. & N. R. R. Co. v. Goss*, 137 Ala. 319; *Brown v. L. & N. R. R. Co.*, 111 Ala. 275; *L. & N. R. R. Co. v. Richardson*, 100 Ala. 232; *L. & N. R. R. Co. v. Mothershed*, 97 Ala. 261. Plea 4 was good as a plea of contributory negligence.—*R. & D. R. R. Co. v. Bivins*, 103 Ala. 164; *Burgin v. L. & N. R. R. Co.*, 97 Ala. 274. Plea B. was good.—*T. C. I. & R. R. Co. v. Herndon*, 100 Ala. 457. The court erred in permitting the question and answer as to whether or not the plaintiff had on some previous occasion gotten on the train going at a greater or less speed as at the time of the injury.—*Bir. E. Ry. Co. v. Clay*, 108 Ala. 234; *First Nat. Bank v. Chafin*, 118 Ala. 346; *Fryarson v. Fryerson*, 21 Ala. 549. The exclusion of the letter from the jury was error.—*L. & N. R. R. Co. v. Malone*, 109 Ala. 509; *Hudson v. The State*, 137 Ala. 60; *Rabb v. Brown*, 4 Hun. 797; *Clark v. Fletcher*, 1 Adam 53. The court erred in excluding the statement that the accident was the result of plaintiff's own carelessness.—*L. & N. R. R. Co. v. Hurt*, 101 Ala. 34; *Snodgrass v. Caldwell*, 90 Ala. 319; *Moore v. Crosswaithe*, 135 Ala. 272. The court's oral charge was defective.—*Dantzler v. DeBardelaben, etc.*, 101 Ala. 309. Charge 2 given for plaintiff was error.—*Stanton v. L. & N. R. R. Co.*, 91 Ala. 382; *Williams v. Woodward Iron Co.*, 106 Ala. 254; *Western Ry. v. Mutch*, 97 Ala. 194. The 3rd, 4th and 5th charges are prejudicial arguments.—*Goldsmith v. McCafferty*, 101 Ala. 663; *Cothran v. Moore*, 1 Ala. 424. Charges 12 and 13 should have been given for defendant.—*Smith v. The State*, 92 Ala. 30.

GREGORY L. & H. T. SMITH, and CHARLES L. BROMBERG, for appellee.—The court did not err in overruling

the demurrers to the 1st and 2nd counts.—*Armstrong v. Montgomery St. R. R.*, 123 Ala. 233; *R. R. Co. v. Cheewing*, 93 Ala. 31; *R. R. Co. v. Hawkins*, 92 Ala. 244; *M. & O. R. R. Co. v. George*, 94 Ala. 214; *Loughran v. Brewer*, 113 Ala. 514; *Montgomery v. A. G. S.*, 97 Ala. 306; *Postal Tel. Co .v. Jones*, 133 Ala. 225; *Seaboard Mfg. Co. v. Woodson*, 94 Ala. 143. The court properly sustained the demurrers to pleas 4 and 5.—*R. R. Co. v. Miles*, 68 Ala. 268; *Armstrong v. Montgomery St. Ry. supra; Pac. Ry. Co. v. Hughes*, 86 Ala. 612; *Watkins v. Bir. Ry. Co.*, 120 Ala. 152; *Southern Ry. Co. v. Roebuck*, 132 Ala. 418; *B. R. & E. Co. v. Brannan*, 132 Ala. 431. Demurrers were properly sustained to plea B.—*Seaboard Mfg. Co. v. Woodson, supra: M. & O. R. R. Co. v. George, supra.* The court properly sustained the demurrers to plea E.—*T. C. I. & R. R. Co. v. Herndon*, 100 Ala. 456; *Johnson v. L. & N. R. R. Co.*, 104 Ala. 244. It was competent to show that plaintiffs and other persons had been in the habit of getting on and off the train in safety while moving at about the same speed.—*Railroad Co. v. Stewart*, 91 Ala. 421. The letter was properly excluded, the rule does not mean that whenever one statement of a man is introduced in evidence the other party may introduce every other statement made although written on the same sheet of paper.—*Chambliss v. The State*, 78 Ala. 468; *Woodruff v. Winston*, 68 Ala. 412; *McGee v. Mahone*, 37 Ala. 261. Self serving declarations are never admissible. The court did not err on its ruling as to the plaintiff admission. There is a distinction between an admission of law and of fact, the former being admissible and the latter not.—*Roberts v. Roberts*, 82 N. C. 29. Counsel discuss charges given and refused but cite no authority.

DENSON, J.—This is a suit by the plaintiff (appellee) against the defendant, Creola Lumber Company, a corporation, to recover damages for a personal injury suffered by him while in the defendant's employment as a brakeman. The complaint as it was originally filed contains three counts. Two counts were afterwards added by amendment. The court, at the request of the

defendant in writing, charged the jury that the plaintiff could not recover on the third and fifth counts; so that the only assignment of error with respect to the court's rulings on the demurrers addressed to the complaint, which must be considered, are those which relate to and challenge the sufficiency of counts 1, 2, and 4 as they were last amended on the 9th day of February, 1905. After the amendment of February 9, 1905, was made to the complaint, the defendant was allowed to refile to the complaint as amended the demurrer filed December 26, 1904.

The first count is grounded on the second subdivision of section 1749 of the code of 1896. This count alleges that the defendant was engaged in operating a train propelled by steam for hauling logs near Creola, in Mobile county, and employed an engineer and fireman, and the plaintiff to operate said log train. From these allegations, in connection with subdivision 2 of section 1749 of the code of 1896, there arose a duty on the part of the defendant to the plaintiff to see to it that he was not injured by the negligence of any person, in the service of the defendant, who had superintendence intrusted to him, while in the exercise of such superintendence. —*K. C., M. & B. R. R. Co. v. Burton*, 97 Ala. 241, 12 South. 88. This count, after alleging that plaintiff was working under the engineer, Frank Driesbach, alleges that said Driesbach was intrusted by defendant with the superintendence of the operation of said log train and of the plaintiff, and that while the plaintiff was engaged in the service of defendant in operating the log train he was injured, setting forth the nature and extent of the injury. Then follows this averment, namely: "And the plaintiff avers that said injuries were caused by reason of the negligence of said engineer (Driesbach) whilst in the exercise of such superintendence aforesaid."

One insistence of the appellant is that the count does not advise the defendant whether it must defend against negligence on the part of the engineer as such, or negligence on the part of the same man in his capacity as superintendent of the plaintiff. We think this criticism of the count is without foundation, for the

only negligence counted on is that of Driesbach in his capacity as superintendent and whilst in the exercise of such superintendence; and uncertainty as to which subdivision of the statute the first count is based on cannot be predicated of the count. It has been many times held by this court that the duty to exercise care being shown and the failure to perform that duty, "the negligence causing the injuries complained of may be well averred in the most general terms, little, if at all, short of the mere conclusions of the pleader; and this, upon the entirely sufficient consideration, among others, that if the defendant has been guilty of negligence he knows as well or better than the plaintiff can in what that negligence consisted." So there is no merit in the grounds of the demurrer raising the question of generality of averment as to negligence.—*Postal Tel. Co. v. Jones,* 133 Ala. 217, 32 South. 500, and cases there cited; *Bear Creek Mill Co. v. Parker,* 134 Ala. 293, 32 South. 700; *Seaboard Mfg. Co. v. Woodson,* 94 Ala. 143, 10 South. 87; *Illinois Car & Equipment Co. v. Walch,* 132 Ala. 490, 31 South. 470. The demurrer to the first count was properly overruled.

The second count of the complaint, after averring, substantially as was done in the first count, the relation of master and servant existing between the defendant and plaintiff, the superintendence of Driesbach, and plaintiff's injury, ascribes the injury to the negligence of Driesbach in this language; "And the plaintiff avers that said injuries were caused by reason of the negligence of said Frank Driesbach, who was in the service or employment of the defendant, and to whose orders or directions the plaintiff at the time of the injury aforesaid was bound to conform, and did conform, and said injuries resulted from his having so conformed, and whilst said Frank Driesbach was in the exercise of such superintendence aforesaid." This count is based on subdivision 3 of section 1749 of the code of 1896, and the question is whether it is sufficient as against the demurrer filed to it, which is the same demurrer as that filed to the first count. With respect to the demurrer to the second count it is insisted in the brief of appellants: First, that the count combines the allegations required[i]

under subdivisions 2, 3, and 5 of section 1749 of the code of 1896, and there is nothing in it to advise the defendant whether it must defend against a claim based on a negligent superintendence of the plaintiff by Driesbach, or a negligent ordering or directing of the plaintiff by the said Driesbach, or a negligent handling of his train by Driesbach. Second, that the count fails to aver what order Driesbach gave, or that the order or direction, conformance to which it is alleged caused the injury, was negligently given by Driesbach.

In respect to the first insistence it is sufficient to say that it is no objection to the count under this subdivision that it avers that the negligence complained of was that of a certain employe of the defendant, who was an engineer, and who had superintendence intrusted to him in respect to the operation of the train. This, as was said in *Kansas City, Memphis & Birmingham. R. R. Co. v. Burton*, 97 Ala., at top of page 249, 12 South., at page 92, "is not the averment of different wrongs and causes of action, but merely the statement of the relations of the negligent person to the defendant." The gravamen of the count is the injury resulting from plaintiff having conformed to an order given by an employe of the defendant to whose orders plaintiff was bound to conform. The first insistence is, therefore, without merit.—*Southern Car & Foundry Co. v. Bartlett*, 137 Ala. 234, 34 South. 20. It has been determined by this court that, in a count based on subdivision 3 of section 1749, the order given and conformed to should be averred, and it should also be averred that the order was negligently given.—*Bear Creek Mill Co. v. Parker*, 134 Ala. 301, 32 South. 700; *Southern Car Co. v. Bartlett*, 137 Ala. 234, 34 South 20; *Dantzler v. Debardeleben Coal & Iron Co.*, 101 Ala. 309, 14 South. 10, 22 L. R. A. 361. Count 2 fails in these respects, and the demurrer should have been sustained, as without the averments mentioned the count fails to state a cause of action.—*Cases supra.*

The fourth count as last amended is based on subdivision 5 of section 1749 of the code of 1896, which provides for recovery of damages sustained by personal injury, "when such injury is caused by reason of the neg-

ligence of any person in the service or employment of
the master or employer who has the charge or control of
any signal, points, locomotive, engine, switch, car, or
train upon a railway, or of any part of the track of a
railway." The count avers that the injury "was caused
by reason of the negligence of Frank Driesbach, the
engineer employed by the defendant to operate said
train, while so engaged in the operation thereof." It is
insisted that the count fails to aver that the engineer,
Driesbach, had "charge or control" of the train. It is
argued that the expression "engaged in the operation
thereof," used in the count, is not the equivalent of the
statement that Driesbach had the "charge or control" of
the train. While it would have been more direct plead-
ing to have averred that Driesbach was in charge or
control of the train, yet we think that is the only de-
duction to be drawn from the averments employed in
the count, and the demurrer was properly overruled.

There are many pleas to the different counts of the
complaint, but, following our rule with reference to
omission by appellant's counsel to insist on errors as-
signed, we will only consider the rulings of the court on
the demurrers to pleas numbered 4 and 5 and plea B.
It cannot be said as a conclusion of law that under all
circumstances it is negligence for an employe, a brake-
man, to dismount from a moving train and attempt to
get upon the locomotive propelling the train, even
though the act of dismounting should be unnecessary.
Plea 4 fails to set out facts which on their face show
contributory negligence on the part of the plaintiff, and
the demurrer was properly sustained.—*Birmingham
Ry. & Elec. Co. v. Brannon*, 132 Ala. 431, 31 South. 523;
*Watkins v. Birmingham Ry. & Elec. Co.*, 120 Ala. 152,
24 South. 392, 43 L. R. A. 297; *Osborne v. Ala. Steel &
Wire Co.*, 135 Ala. 571, 33 South. 687.

The fifth plea is not subject to the demurrer assigned
to it, and the court improperly sustained the demurrer.
But issue was joined on pleas 3 and "d," and it is in-
sisted for the appellee that these pleas set up the same,
or substantially the same, defense as is set up by plea

5, and that under them the appellant could have had full benefit of the defense set up by plea 5. We are clear in our conclusion that the insistence is not tenable with respect to plea 3. Plea "d" avers "that the plaintiff negligently placed his foot upon the railroad track of the defendant immediately in front of the wheels of a locomotive being operated thereon, and thereby suffered the injury complained of." If the plaintiff put his foot on the ground, so that it was in front of the wheels of the locomotive, as is averred in plea 5, his foot was on the track of the road, and proof that he did so place his foot would have been competent evidence under plea "d." In other words, it cannot be said that the rails of a railroad of themselves constitute the track, irrespective of the ground between the rails and between the ends of the cross-ties. Therefore we are of the opinion that the defendant, under plea "d," was entitled to prove the defense as set up by plea 5, and the action of the court in sustaining the demurrer to plea 5 is error without injury.

Plea B is in this language: "That plaintiff contributed proximately to the injury complained of, in that he negligently attempted to get upon the locomotive of defendant while the same was in motion." "To withstand an appropriate demurrer, the plea of contributory negligence must go beyond averring negligence as a conclusion, and must aver a state of facts to which the law attaches that conclusion."—*Osborne v. Ala. Steel & Wire Co.*, 135 Ala. 571, 33 South. 687. The expression in the plea "that he negligently attempted" is but the conclusion of the pleader, and the facts averred in connection with it are not such as the law attaches the conclusion of negligence to. The demurrer was properly sustained to plea B.

Issue was joined on the general issue, and special pleas 3, "c," "d," "i," and "k." At the time the plaintiff received the injury complained of, he was a brakeman in the employ of the defendant on a log train of the defendant, which consisted of a small-geared locomotive and two skeleton cars loaded with saw logs. The two cars were in front of and were being pushed by the locomotive. This train was used for the purpose of car-

rying cars over the spur tracks to and from the main line and making up trains. Frank Driesbach was the engineer in charge of the train. Driesbach had control of the train and the plaintiff. The fireman was James Gaillard, who died before the trial of the case. The engine had no apparatus attached to it for sanding the track, but a bucket of sand was kept on the board or platform extending around both sides of the boiler. As described by one of the witnesses, this board or framework around the boiler made it appear as though the boiler was set into a flat car, and was called by the witnesses the "sanding board" or "running board." It extended across the front of the engine, and from 6 to 8 inches above the rail. There was suspended by iron stirrups another board, about 10 inches wide, extending from 10 to 12 inches outside of the rail at each end, known as the "foot board." Whenever the engineer desired the track to be sanded, he would cause the brakeman to sit upon the sanding board at the front of the engine, and with his hand throw or sprinkle sand on the rail. As to when and how the brakeman would be caused to take such position there is some conflict in the evidence. Instead of the cars having vertical brake rods, the same were attached horizontally to the end of the car, one end reaching near the center of the car, at which place the brake chain was attached to it, and the other end extending to the outside of the car, where there was an appliance for turning this brake rod and thereby tightening the brakes by using a ratchet fixed there and an implement called a "flunkey," which, from the description given of it, appears to be a large wrench. To apply or release the brakes, the train had to stop. The plaintiff had been employed as a regular brakeman on this road for about a month before the accident. His job prior to that time had been that of trackman on the same road for more than a year. During this period he had served frequently as an extra trainman. He was injured on the 2d day of April, 1904, and immediately before his injury he was riding upon one of the cars of logs which was being pushed by the locomotive. The train at the time was descending a long grade. While the train was in motion, the plain-

tiff left the car, got on the ground, and waited until the engine came opposite to where he was standing, and he attempted to get on the engine. His foot slipped under the wheel and was cut off across the instep. There was a number of signals, understood amongst the trainmen operating the road. One of these signals was several quick, short blasts from the whistle of the locomotive, which indicated that the brakemen should pay attention to and heed the engineer.

Concerning the facts above recited there is no dispute in the evidence. In addition to the understood facts, the plaintiff, who was the only witness in his own behalf, testified that on the morning of the accident, when they were about 150 feet from the bottom of the grade, the engineer gave the signal of two or three short blasts of the whistle, and when the plaintiff looked back the engineer gave him the sam sign that he always gave him to put sand on the track, and the plaintiff then got off the train, and went back to where the sand was, and took hold of the rod of the running board, and his foot slipped between the footboard and the tender trucks, under the engine, and was cut off. He testified the train was running downgrade, and it did not look "anyways" too dangerous to catch it, and it seemed that it needed sand before getting at the steepest part of the grade; that such was the reason that he made back at the time; that it didn't look "overly fast"—not too fast to catch. He testified, on cross-examination, that he did not know positively how fast the train was going at the time, but to his judgment about eight miles an hour; that it was noways too fast or dangerous for him to catch it at the time. He also testified that, when he looked back to the engineer, the sign which the engineer gave him was by pointing his finger forward and downward, and then it was he got off the train, that being the sign the engineer usually gave him to sand the track, and at that time the train was 150 feet from the bottom of the grade and was running in an "ordinary sort of way"; that the track was wet, and none of the brakes were on. The foregoing evidence has been carefully and attentively considered. It is the only evidence in the case that the plaintiff can rely on for recovery.

[Creola Lumber Co., v. Mills.]

The burden rested upon the plaintiff to prove to the reasonable satisfaction of the jury that the negligence charged was the direct and immediate efficient cause of his injury. As was said in *Western Ry. of Ala. v. Mutch*, 97 Ala. 196, 11 South. 894, 21 L. R. A. 316, 38 Am. St. Rep. 179, quoting from 16 Am. & Eng. Ency. Law, p. 436: "To constitute actionable negligence, there must be not only causal connection between the negligence complained of and the injury suffered, but the connection must be by natural and unbroken sequence—without intervening efficient causes—so that, but for the negligence of the defendant, the injury would not have occurred. It must not only be a cause, but it must be the proximate—that is, the direct and immediate—efficient cause of the injury."—*Decatur Car Wheel Co. v. Mchaffey*, 128 Ala. 242, 29 South. 646; *L. & N. R. R. Co. v. Quick*, 125 Ala. 561, 28 South. 14; *Raiter-Conley Mfg. Co. v. Hamlin*, 144 Ala. 192, 40 South. 288; *Richards v. Sloss-Sheffield Steel & Iron Co.*, 146 Ala. 254, 41 South. 288. There is nothing in the evidence to show or justify the inference that the giving of the alleged order by Driesbach was the proximate cause of the injury complained of. We have seen the plaintiff testified that he "lay hold" of the rod on the running board, and his foot slipped between the footboard and the tender trucks, under the engine, and was cut off. And this is all there is in the evidence tending to show how the accident came about, its causes, etc. There is no explanation at all as to what caused his foot to slip, or why it slipped. The slipping of the foot could not be referred to the order, or to the speed of the train; for there is no evidence that the movement of the train had anything to do with causing his foot to slip. Furthermore, plaintiff testified that the train was not going at such rate of speed as to make it dangerous for him to board the same; and he had frequently boarded the locomotive and sanded the track before. If this be true, how can it be said that the order given to sand the track was negligently given? On the other hand, if it was dangerous to board the locomotive, moving at the rate it was, certainly the danger was open and obvious,

[Creola Lumber Co., v. Mills.]

and there is no pretense that the plaintiff was incapable of recognizing and appreciating such danger as is incident to climbing or attempting to climb upon a moving locomotive. Climbing on the locomotive to reach the position for sanding the track was shown by the evidence to be a part of and within the duties of his employment, and the dangers attendant thereupon were natural and incidental to the business itself, and the master owes him no duty as to these risks. The servant assumed them.

So upon the evidence our conclusion is that the plaintiff failed to make a case for recovery under any count of the complaint, and the defendant was entitled to have given to the jury the general affirmative charge with hypothesis, as was requested by it. The foregoing conclusion renders it unnecessary for us to consider other assignments of error relating to the refusal of charges requested by the defendant and charges given for the plaintiff. It is also unnecessary to consider the numerous assignments relating to the rulings of the court on the admissibility of evidence. We make no comments on the assignment which presents for review the action of the court in requesting plaintiff's counsel to "draft a charge such as he thought would be appropriate to the case as made by the pleadings and evidence." But, in adopting this course, we must not be understood as approving the action of the court in that respect.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and HARALSON and SIMPSON, JJ., Concur.