# Bear Creek Mill Co. *v.* Parker.

*Action by Employee against Employer to Recover Damages for Personal Injuries.*

|134 293|
|135 405|

|134 293|
|136 490|
|137 241|

|134 293|
|141 160|

|134 293|
|144 225|
|144 270|

1. *Action by employe against employer to recover damages for personal injuries; sufficiency of complaint.*—In an action by an employe against his employer to recover damages for personal injuries sustained while in the employment of the defendant, a count of the complaint which alleges that the injury complained of was caused by reason of the negligence of a certain named person in the service or employment of the defendant corporation, "as loader or boss of the train hands," to whose orders the plaintiff was bound to conform and did conform, and said injuries resulted from plaintiff having so conformed to the orders and directions of said person, and were caused by reason of the fact that the plaintiff attempted to make the coupling of the cars as directed by said section loader or boss of the train hands, said person

[Bear Creek Mill Co. v. Parker.]

having negligently failed to furnish necessary light therefor, it being in the night time, is insufficient and subject to demurrer; said averments neither bringing the action under either subdivision 2 or 3 of the Employer's Liability Act, nor counting on them as concurring grounds of injury, (Code, § 1749).

2. *Same; same.*—In such a case, a count of the complaint which alleges that the plaintiff sustained the injuries complained of by reason of the negligence of the locomotive engineer who was in the employment of the defendant, and as such engineer had charge or control of the train to which the plaintiff was trying to couple cars at the time of the injury, states a sufficient cause of action based upon the negligence of the engineer.

3. *Same; same.*—In such a case, a count of the complaint which avers that the plaintiff's injury was caused by reason of the negligence of a certain named person who was then in the service or employment of the defendant, and was intrusted with the superintendence of the train hands of which the plaintiff was one, and that said injury occurred while said named person was in the exercise of such superintendence, states a sufficient cause of action based upon the negligence of such person who had superintendence intrusted to him, and was in the exercise of such superintendence.

4. *Same; sufficiency of plea of contributory negligence.*—In an action to recover damages for personal injuries, pleas seeking to set up the contributory negligence of the plaintiff, which fails to predicate the matters therein set up as the proximate cause of the injury to the plaintiff, are faulty and subject to demurrer.

5. *Same; same.*—In such a case, a plea which avers "that plaintiff by his own negligence contributed proximately to the injury of which he complains by attempting to couple the cars as set out in the complaint without having a sufficient light," is sufficient as a plea of contributory negligence.

6. *Same; same.*—In such a case, a plea "that plaintiff by his own negligence contributed proximately to his injury complained of in that he stood between the rails of the railroad track in assisting to make the coupling described in the complaint which was a dangerous position to occupy for that purpose, and there was a much safer position which he might have occupied, viz., a position outside of said railroad track," is defective in not averring that the safer position therein de-

[Bear Creek Mill Co. v. Parker.]

scribed, which the plaintiff is alleged to have abandoned for the more dangerous one, was one in which he could have complied with the order of his superior in making the coupling.

APPEAL from the Circuit Court of Monroe.

Tried before the Hon. JOHN C. ANDERSON.

This suit was brought by the appellee, George Parker, against the appellant, the Bear Creek Mill Co., to recover damages for personal injuries sustained by the plaintiff while in the employ of the defendant as a train hand or loader. The complaint contained five counts. Under the opinion it is only necessary to refer to the 1st, 3d and 5th counts. The substance of the 1st count is sufficiently stated in the opinion. The 3d and 5th counts are as follows: "Third count. Plaintiff further claims of the defendant the sum of ten thousand dollars as damages for that heretofore, to-wit, on the 23d day of November, 1899, the defendant then and there managing and operating a logging railroad in said county of Monroe, and plaintiff being then and there in the service and employment of the defendant as a train hand or loader, and while in the performance of his duties as such train hand or loader, was caught between a loaded and unloaded car of the defendant and was thrown under the brake beam or wheel of one of said cars, whereby his right leg was so crushed, mutilated and bruised as to render the amputation thereof necessary below the knee thereof, and plaintiff alleges that then and there a person whose last name as plaintiff is informed was Echols, but whose first name is to plaintiff unknown, and which said Echols was then and there in the service or employment of the defendant as a locomotive engineer and as such locomotive engineer had the charge or control of a locomotive or train on said logging railroad or a part of the track of said railroad, caused the aforesaid injury to plaintiff by reason of his negligence as such locomotive engineer. And plaintiff alleges that he not only suffered his loss of his said leg as aforesaid, but that by reason of this said injury he also suffered great bodily and mental pain and anguish to his damages as he says in the sum of to-wit, ten thousand dollars."

[Bear Creek Mill Co. v. Parker.]

"Fifth count. Plaintiff claims of the defendant ten thousand dollars as damages for that heretofore, to-wit, on the 23d day of November, 1899, is said county of Monroe the defendant was then and there managing and operating a logging railroad track and a locomotive and timber cars thereon, and plaintiff was then and there in the employ of the said defendant as a train hand or loader, and while in the discharge of his duties under said employment plaintiff was caught between two of the said cars of the said defendant and his right leg so crushed, mangled and bruised as to cause him to lose the same below the knee thereof as well as to cause him great bodily and mental suffering; and plaintiff avers that his said injuries was caused by reason of the negligence of Bill Simmons who was then and there in the service or employment of the defendant and was then and there intrusted with the superintendence of the train hands and loaders on defendant's caid cars and the coupling thereof, and that said injury occurred while the said Bill Simmons was in the exercise of such superintendence, and plaintiff avers that by reason of the loss of said leg and the said bodily and mental suffering he had been greatly damaged in, to-wit, the sum of ten thousand dollars, and that such injuries were sustained while plaintiff was endeavoring to couple two of said cars under the said superintendence of the said Bill Simmons." The defendant demurred to each of the counts of the complaint upon the following grounds: "1. The acts of negligence sought to be charged are not stated with that definiteness and certainty required by law. 2. The only charge of negligence is in the form of a conclusion of the pleader without a statement of the facts from which the conclusion is drawn. 3. The facts stated do not make out a case of liability under the statutes of Alabama on the part of an employer to an employee from an injury done through the negligence of a fellow servant. 4. The facts stated do not show negligence on the part of the defendant or its employees. 5. The facts stated do not show negligence on the part of Echols, the engineer. 6. The facts stated do not show negligence on the part of Bill Sim-

[Bear Creek Mill Co. v. Parker.]

mons. 7. The facts stated fail to show that the engineer backed the train at a greater rate of speed than was safe and proper under the circumstances."

The demurrer to each of the counts of the complaint was overruled, and to each of these rulings the defendant separately excepted. The defendant filed 19 pleas; but under the opinion, it is not necessary to set out all of these pleas at length. The 5th, 6th, 9th, 10th and 12th pleas were as follows:

"5. That defendant had established a rule requiring all of its trainmen not to stand between the rails of its railroad track while assisting in coupling cars by putting the coupling pin in place when the rooster entered the drawhead; that this rule had been made known to the defendant before the injury complained of occurred; that when the injury complained of occurred plaintiff was engaged in assisting to couple defendant's cars by putting the coupling pins in place when the rooster entered the drawhead, and, in violation of the said rule, was standing between the rails of defendant's railroad track.

"6. That about dark on the evening that the injury complained of occurred, the plaintiff, together with the entire train crew, of which he was a member, had been ordered by defendant's foreman, who had the control and supervision over all of said train crew, to cease work for that day, but some of said train crew, including plaintiff, disregarded the said order and attempted to continue work, and that while plaintiff was continuing to work after dark in disobedience of the said order, the injury complained of occurred."

"9. That about dark on the evening that the injury complained of occurred, the plaintiff, together with the entire train crew, of which he was a member, had been ordered by defendant's foreman, who had the control and supervision of all of said train crew, to cease work for that day, but some of said train crew including plaintiff, disregarded the said order and attempted to continue work, and that while plaintiff was continuing to work after dark in disobedience of the said order, the injury complained of occurred, and that

such disobedience contributed proximately to the injury complained of."

"10. That plaintiff by his own negligence contributed proximately to the injury of which he complains by attempting to couple the cars as set out in the complaint without having a sufficient light."

"12. That plaintiff by his own negligence contributed proximately to his injury complained of in that he stood between the rails of the railroad track in assisting to make the coupling described in the complaint which was a dangerous position to occupy for that purpose, and there was a much safer position which he might have occupied, viz., a position outside of said railroad track."

The plaintiff demurred to the 5th plea upon the ground that the negligence set forth therein is not alleged to have been the proximate cause of the plaintiff's injury.

To the 6th plea, the plaintiff demurred upon the following grounds: 1. It fails to allege that plaintiff in continuing to work after dark, contributed proximately to the injury complained of. 2. It fails to allege any fact which relieves the defendant of the negligence alleged against him. 3. It fails to allege any fact showing tha tthe plaintiff was guilty of any negligence which proximately contributed to the injury complained of.

To the 9th plea the plaintiff demurred upon the following grounds: 1. Said plea sets up no facts which relieved the defendant from liability to plaintiff for defendant's negligence at the time of the injury complained of. 2. It fails to allege any facts which show contributory negligence on the part of the plaintiff.

To the 10th plea the plaintiff demurred upon the following grounds: 1. Because said plea fails to allege that it was incumbent upon plaintiff to furnish a light. 2. Said plea is not responsive to the complaint filed in the cause, and sets up no legal defense thereunder. 3. Said plea fails to allege anything which negatives the negligence alleged against the defendant in the first count of the complaint.

· [Bear Creek Mill Co. v. Parker.]

To the 12th plea the plaintiff demurred upon the ground that said plea fails to allege that in the safer position therein described, the plaintiff could have conformed to the order to couple the cars as described in the complaint.

These demurrers were sustained to each of the pleas, and to each of such rulings the defendant separately excepted.

There were verdict and judgment for the plaintiff, assessing his damages at $500. The defendant appeals, and assigns as error the several rulings of the trial court upon the pleadings.

STEVENS & LYONS, for appellant.—The first count of the complaint was subject to demurrer. It was not good under the second nor third subdivision of the employers liability act.—*Railroad Co. v. Shields*, 121 Ala. 460; Code, § 1749; *H. A. & B. R. R. Co. v. Dusenberry*, 94 Ala. 413.

The 3d and 5th counts were too general in their averments of negligence, and the demurrer to them should have been sustained.—*L. & N. R. R. Co. Jones*, 30 So. Rep. 586; *Railroad Co. v. George*, 94 Ala. 199; *Laughran v. Brewer*, 113 Ala. 509; *Railway Co. v. Arnold*, 114 Ala. 183; *Railway Co. v. Davis*, 92 Ala. 300; *Railway Co. v. Propst*, 83 Ala. 518; s. c. 85 Ala. 203.

J. H. BAREFIELD and B. L. HIBBARD, *contra*, cited *M. & O. R. R. Co. v. George*, 94 Ala. 199; *Cen. of Ga. R. Co. v. Lamb*, 124 Ala. 172.

HARALSON, J.—The errors assigned are for the overruling of the demurrers to the several counts, and for sustaining demurrers to the 3, 4, 5, 6, 8, 9, 10, 12, 13, 14, 15, 17 and 18 pleas. Defendant's counsel in brief waived the errors assigned to the 2d and 4th counts of the complaint, and admit that they are good, leaving the 1, 3 and 5 to be considered.

1. It would seem that count 1 of the complaint, from its averments was filed under both subdivisions 2 and 3 of the Employer's Liability Act (Code, § 1749), which it was competent to do, if the grounds provided

for in the two, concurred to produce the injury; but to authorize a recovery under such a·count, the plaintiff would have to establish both allegations of negligence so set up.—*Bridges v. T. C. I. & R. R. Co.,* 109 Ala. 287.

Subdivision 2 of said act is:   "When the injury is caused by reason of the negligence of any person in the service or employment of the master or employer, who has any superintendence intrusted to him, whilst in the exercise of such superintendence;" and subdivision 3 reads: "When such injury is caused by reason of the negligence of any person in the service or employment of the master or employer, to whose orders or directions the servant or employe, at the time of the injury, was bound to conform, and did conform, if such injuries resulted from his having so conformed."

The count alleges that injury was caused by reason of the negligence of one Bill Simmons in the service or employment of the defendant's corporation as loader or boss of the train hands, to whose order and directions the plaintiff was bound to conform and did conform; and that the injuries sustained by plaintiff,—quoting the language of the count,—"resulted from plaintiff's having so conformed to the orders and directions of the said Bill Simmons, who was then and there in the service of the defendant, and that said injuries were caused by the negligence of the said Bill Simmons," etc.   The pleader went further, and stated the facts relied on to show the negligence of said Simmons,—that at the time of his injuries, when in the execution of the order of said Simmons, plaintiff was ordered by him to make a coupling of certain empty cars with certain loaded cars, which were being pushed backward by the locomotive to where the empty cars were standing; that when appellee attempted to make such coupling, the said Simmons negligently failed to furnish necessary light therefor, it being in the night time, and by reason of his said negligence, plaintiff received the injuries complained of, which resulted from plaintiff's having conformed to the orders and directions of the said Simmons, then and there in the service of defendant.

It is not averred, as will appear, that Simmons, who is described in the count as "loader or boss of the train hands," was intrusted with any superintendence, as such, as contradistinguished from an ordinary servant or employe to do certain designated work.—*Dantzler v. DeBardelaben*, 101 Ala. 309, 315. Nor is it averred, that the order alleged to have been given by said Simmons to plaintiff, to couple the cars, was negligently given. The negligence complained of was, that he failed to furnish sufficient light, to do the coupling in the night-time,—the injury having occured in the darkness of night. It is manifest, therefore, that the averments do not bring the count, either under subdivisions 2 or 3 of said act, nor as concurring grounds of injury as specified from the two.

2. The objections urged to the 3d and 5th counts,— the same we have had so often to encounter,—because, as alleged, they fail to aver the facts relied on to constitute negligence, are wanting in merit. Under our adjudications they are sufficient in this respect.—Authorities *supra; A. G. S. R. R. Co. v. Davis*, 119 Ala. 572; *Armstrong v. M. St. R. Co.*, 123 Ala. 233; *C. of Ga. R. Co. v. Foshee*, 125 Ala. 200.

3. The defendant pleaded 19 pleas, "separately to each and every count thereof," stating that each plea "is interposed as a separate plea, to each count of the complaint separately." These pleas are thus pleaded indiscriminately to the complaint and to each count thereof, when patently many of them have no reference or application to one or more of the counts. If the pleas had been to the counts at which they were specially aimed, it would have been in the interest of saving time and trouble, and less liable to confuse and mislead. Counsel for defendant insist alone on errors in sustaining demurrers to pleas 5, 6, 9, 10 and 12. The 5th and 6th are faulty in not predicating the matters therein set up as the proximate cause of the injury to the plaintiff. The demurrer to the 9th is general, and the plea sets up nothing not provable under the general issue. The 10th is to each of the counts and sets up the particular negligence of the plaintiff, which is alleged to be the proximate cause of the injury to plaintiff, and not be-

ing liable to the demurrer specially aimed at it, the demurrer should have been overruled.

When the 12th plea was interposed, it was applicable to the 1st count, to which, as we have held, a demurrer should have been sustained. In its application to the complaint, generally, it may be stated, that it is a recognized rule that "if there are two ways of discharging the service, apparent to the employe, one dangerous and the other safe, or less dangerous, he must elect the safe or less dangerous way, and cannot recover for an injury sustained when the danger is imminent and so obvious that a prudent man would not incur the risk under the same circumstances."—*L. & N. R. R. Co. v. Orr*, 91 Ala. 548; *M. & O. R. R. Co. v. George* 94 Ala. 200. Although this is the general rule, well stated in plea 12, yet as applicable to this case, the plea is defective in not averring that the safer position therein described which the plaintiff is alleged to have abandoned for a more dangerous one, was one in which he could have complied with the order of his superior in making the coupling; and it further fails to aver, that going between the rails to couple cars was so obviosly dangerous, under the conditions prevailing, as that an employe should have disregarded the order of his superior, and not assumed the risk.

For the errors indicated let the judgment below be reversed and the cause remanded.