(82 South. 444)

CORONA COAL & IRON CO. v. SPANN.
(6 Div. 894.)

(Supreme Court of Alabama. June 26, 1919.)

1. MASTER AND SERVANT ☞257—INJURY TO MINER—PLEADING.

In action under Acts 1911, p. 514, § 38, for injuries to one working in a coal mine, plaintiff need not allege that he was an employé of defendants if in fact they were in actual operation of the mine and plaintiff was rightfully working therein when injured.

2. MASTER AND SERVANT ☞228(2)—INJURY TO WORKMAN—CONTRIBUTORY NEGLIGENCE.

In action under Acts 1911, p. 514, § 38, for injuries to one working in a coal mine without a sufficient supply of props, contributory negligence may be pleaded as a defense, though the statute is mandatory.

3. APPEAL AND ERROR ☞1040(6)—ELIMINATION OF PLEAS—REVERSIBLE ERROR.

In action under Acts 1911, p. 514, § 38, relating to duties of persons operating coal mines to supply props, sustaining demurrer to pleas setting up contributory negligence and failure of plaintiff to examine his working place, as required by section 35, held reversible error.

Anderson, C. J., and McClellan and Sayre, JJ., dissenting in part.

Appeal from Circuit Court, Walker County; T. L. Sowell, Judge.

Action by Tom Spann against the Corona Coal & Iron Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Appellee, while working in the coal mine of the appellant, was injured by the falling of a rock from the roof of the mine, and brings this suit to recover damages therefor.

The cause was submitted to the jury upon count 3 only, which rests for recovery upon the breach of the statutory duties set out in section 38 of an act entitled "An act to regulate the mining of coal in Alabama." Acts 1911, p. 500. Said section relates to the duty of persons operating coal mines in this state to supply sufficient props and other timber useful for propping in the mine for those working therein, and demand therefor made by the miner. That portion of count 3 as amended, here important, is as follows:

"Plaintiff claims of the defendants the sum of $30,000 damages, for that heretofore on, to wit, June 13, 1917, defendants were operating a coal mine in or near Corona, Walker county, Ala.; that on, to wit, said date, plaintiff was rightfully working in the said mine of the said defendants with one Brannigan, who had some sort of contract with the defendants to work that part of said mine; that while plaintiff was so at work in said mine of defendants, on, to wit, said date, and while engaged in the performance of his said duties in said mine, a large rock * * * fell from the roof of said

mine upon * * * plaintiff thereby injuring plaintiff. [Here follows catalogue of injuries.]

"Plaintiff alleges that it was the duty of the defendants to keep at a convenient place at or near the main entry of, or in, said mine a sufficient supply of props and other timbers useful for propping in said mine of suitable lengths and sizes for those working in' said mine. Plaintiff alleges that he .needed props or timbers for his working place in said mine; that plaintiff selected and marked the said props or timbers, and designated on said props or timbers the place at which the said props or timbers were to be delivered, the number and kind of said props or timbers; and plaintiff alleges that it then became the duty of said defendants to promptly deliver said props or timbers, or cause same to be delivered at plaintiff's working place; * * * that defendants negligently failed to promptly deliver or cause to be delivered the said props or timbers at plaintiff's working place in said mine; that as a proximate result of said negligent failure by the defendants * * * · plaintiff received said injuries."

There was demurrer to said count upon the ground, among others, that it failed to allege that the relation of employer and employé existed between plaintiff and defendants, which demurrer was overruled. It is unnecessary to here set out the numerous other grounds of demurrer.

Special pleas interposed were eliminated on demurrer and the cause submitted to the jury upon this count and the general issue, resulting in a judgment for the plaintiff, from which the defendant Corona Coal & Iron Company prosecutes this appeal.

A. F. Fite, of Jasper, for appellant.

Ray & Cooner and J. M. Pennington, all of Jasper, for appellee.

GARDNER, J. The evidence in regard to the operation of this mine and plaintiff's connection therewith is very similar to that considered in the case of Amerson v. Corona Coal & Coke Co., 194 Ala. 175, 69 South. 601, and need not be here reviewed. A careful reading of the testimony here, in the light of the holding in the Amerson Case, supra, demonstrates, we think, that it was sufficient for the jury to infer that the appellant here was in fact· in the actual operation of the mine within the meaning of the act (Acts 1911, p. 500), on the day of the accident, as alleged in the complaint.

[1] Count 3, upon which the cause was tried, rested for recovery upon the breach of the statutory duties set out in section 38 of an act of 1911 (page 500). The complaint in every particular followed the very language of this section of said act, and at least substantially stated the cause of action thereunder. It charged that the defendants were operating said mine at the time, and discloses that the plaintiff was rightfully there as a workman in the discharge of his duties.

While it does not allege that the plaintiff was an employé of the defendants, yet the provisions of said section do not require such relationship, if in fact the defendants were in the actual operation of said mine and the plaintiff was rightfully working therein. To hold, that notwithstanding the defendants were actually operating the mine, yet the relation of employer and employé must exist before the workman can seek recovery under the provisions of said section, would be, in our opinion, interposing language in said section not placed there by the Legislature, and placing a restrictive interpretation upon the statute which was intended for the preservation and protection of human life.

Whether or not the complaint was subject to demurrer we need not stop to inquire, for if so it would be only of a technical character easily remedied by amendment; the cause being reversed for other reasons.

[2] The defendants interposed numerous special pleas, in which it was attempted to set up contributory negligence on the part of the plaintiff as a defense to this cause of action. These pleas were demurred to upon the ground, among others, that the duty to furnish props is mandatory, and contributory negligence was no answer to said count. The demurrer was sustained. This was error. While the statute has been construed as mandatory (Stith Coal Co. v. Sanford, 192 Ala. 601, 68 South. 990), yet contributory negligence on the part of the plaintiff may properly be pleaded as a defense to such action. Pratt Cons. Coal Co. v. Davidson, 173 Ala. 667, 55 South. 886; Alverson v. Little Cahaba Coal Co., 77 South. 547;[1] Stith Coal Co. v. Sanford, supra. Some of said pleas were substantially the same as pleas 5 and "D," held good in Black v. Roden Coal Co., 178 Ala. 531, 59 South. 497. Another plea set up the failure of the plaintiff to examine his working place as required by the provisions of section 35, Acts 1911, p. 513, that the injury was the proximate result thereof, and that the danger could have been discovered by such an examination. Seagle v. Stith Coal Co., 202 Ala. 3, 79 South. 301.

[3] The pleas are numerous, and need not be here treated in detail to ascertain if any of them were subject to demurrer. Those setting up the defenses above referred to were clearly sufficient without regard to any of the other pleas, and their elimination must work a reversal of the cause. Indeed, as we read the brief of counsel for appellee, it is not very seriously contended·that the ruling of the court in eliminating some of these defenses, above referred to, was free from error; but the insistence is made that it is without injury, and therefore reversal should not be rested upon this ruling. By this action of the court, the defendants were not permitted to interpose very substantial defenses, and the oral charge of the court discloses that the jury were only instructed

[1] 201 Ala. 123.

as to the law upon the third count and the general issue thereto.

The evidence in the case has been very carefully examined in connection with the oral charge of the court, and we fail to discover anything in the record justifying the assumption that the defendants received the benefit of these special pleas in the trial of this cause. We think it quite clear that the error is not one without injury, but, on the contrary, that it injuriously affected the substantial rights of the defendants. For this error the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur in conclusion and in opinion, except as to what is said in regard to sufficiency of count 3; it being their opinion that count 3 was subject to demurrer on the authority of Alverson v. Little Cahaba Coal Co., 201 Ala. 123, 77 South. 550, and Clark v. Choctaw Mining Co., 201 Ala. 466, 78 South. 372.