(87 South. 827)

## CORONA COAL & IRON CO. v. SPANN. (6 Div. 48.)

(Supreme Court of Alabama. Nov. 25, 1920. Rehearing Denied Jan. 13, 1921.)

1. Mines and minerals ⬤�longdash 118—One seeking damages against operator for violating statute requiring furnishing of props need not prove relation of master and servant.

Acts 1911, p. 514, § 38, requiring mine operators to furnish props, does not deal with the relation of master and servant, or with the subject of mining coal, and in a personal injury action for noncompliance with the act it is not essential that plaintiff aver and prove that he was an employé of defendant operator.

2. Mines and minerals ⬤�longdash 118—Averment of contributory negligence of miner in choosing method of work held demurrable.

In a personal injury action against a coal mine operator charging negligence in failing to furnish props as required by statute, defendant's plea of contributory negligence alleging that plaintiff negligently chose a dangerous way of doing the work held subject to demurrer for not alleging that the safer way was reasonably available for plaintiff's adoption, and that plaintiff could have performed his duty as well and as efficiently in either way.

---

⬤�longdash For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Exceptions, bill of ☞33—Bill construed against appellant.**

A bill of exceptions will be construed most strongly against appellant.

**4. Appeal and error ☞1050(1)—Admission of testimony if erroneous is not prejudicial where same testimony was admitted without objection.**

A ruling of the court in permitting certain testimony, if error, is without injury to appellant, where the witnesses have previously testified to the same matters without objection.

**5. Trial ☞62(2)—Evidence that mine operator did not send timbers to plaintiff until after his injury held admissible in rebuttal.**

In a personal injury action against the operator of a coal mine alleging violation of the statute in failing to furnish props, where defendant's witness testified that he had seen props sent up to plaintiff prior to the time of the injury, it was permissible for plaintiff in rebuttal to show that the timbers were not delivered until after the injury, and after plaintiff had been carried out of the mine, not to show anterior negligence as an independent fact, but in contradiction of testimony.

**6. Mines and minerals ☞118—On evidence held that it could not be said as matter of law there was no proximate causal connection between injuries and negligence.**

In view of the evidence in a personal injury action against a mine operator, *held*, that it could not be said as a matter of law that there was no proximate causal connection between plaintiff's injuries and defendant's negligence in failing to deliver props or timbers at plaintiff's place of work, and that a requested affirmative charge and other charges based on the hypothesis of lack of proximate causal connection were properly refused.

**7. Damages ☞216(8)—Instructions ignoring evidence of permanent incapacity held properly refused.**

In a personal injury action, charges that plaintiff was not entitled to recover more than nominal damages for any permanent decrease of earning capacity were properly refused because ignoring the phases of evidence tending to show that plaintiff was permanently incapacitated to do the class of work he was doing before the injury.

**8. Trial ☞260(1)—Refusal of charges covered by others not error.**

The refusal of charges on matters properly covered by numerous other charges given at the instance of defendant was not error.

**9. Mines and minerals ☞118—Where operator fails to furnish props as required by law, workman held not required to assume risk of danger not obvious or imminent.**

When a coal mine operator fails to furnish props as required by Acts 1911, p. 514, § 38, it may not be held that when danger arises, though not obvious or imminent, a workman must assume the risk of proceeding or abandon the work, or be guilty of contributory negligence in proceeding.

Appeal from Circuit Court, Walker County; T. L. Sowell, Judge.

Action by Tom Spann against the Corona Coal & Iron Company for damages for personal injuries suffered while at work in a mine of the defendant. Judgment for plaintiff and defendant appeals. Affirmed.

Amended count B is as follows:

Plaintiff claims of the defendant the sum of $30,000 for that heretofore, on, to wit, June 13, 1917, defendant was operating a coal mine at or near Corona, Walker county, Ala.; that on, to wit, said date, plaintiff was working in said mine with the consent of and at the invitation of the said defendant; that while plaintiff was rightfully working said mine and at a place where he had a right to be and where his duties required him to be, with the consent of and at the invitation of the said defendant, and while engaged in the performance of his said duties in said mine a large rock, slate, or other hard substance fell from the roof of said mine upon or against plaintiff. [Here follows catalogue of injuries.]

Plaintiff alleges that it was the duty of the defendant to keep at a convenient place at or near the main entry of the said mine, or in the said mine, a sufficient supply of props and other timbers useful for propping in said mine, of suitable lengths and sizes, for those working in said mine, including the plaintiff. Plaintiff alleges that he needed props or timbers for his working place in said mine; that plaintiff selected and marked the said props or timbers and designated on said props or timbers the place at which the said props or timbers were to be delivered, the number and kind of said props or timbers; and plaintiff alleges that it then became the duty of said defendant to promptly deliver said props or timbers, or cause same to be delivered, at plaintiff's said working place as designated on said timbers or props. Plaintiff alleges further that the defendant negligently failed to promptly deliver or cause to be delivered the said props or timbers at plaintiff's working place in said mine; that as a proximate consequence of said negligent failure by the defendant to promptly deliver or cause to be delivered the said props or timbers the plaintiff received his said injuries hereinbefore set forth.

Plea 14 was as follows:

(14) Defendant alleges that there was a safe way known to the plaintiff by which he could have done his work, viz. by using a bar or instrument of like kind and prizing down the rock which fell on him, without being under the said rock, and there was also a dangerous way known to plaintiff to do said work, viz. by undertaking to prize said rock with a pick or other instrument while under the said rock, and plaintiff negligently chose said dangerous way to do his said work, and thereby proximately came to his alleged injury.

The following are the grounds of demurrer referred to:

(17) The said plea sets up two ways of performing the plaintiff's duty, the one safe and the 'other unsafe, and it is not alleged that the safer way was reasonably available for adoption by the plaintiff.

(18) It is not alleged that plaintiff could have performed his duty as well and as efficiently one way as the other.

The following charges were refused to the defendant:

(7) If you believe from the evidence that Tom Spann was working for the defendant, Corona Coal & Iron Company, at the time of his injury, you should find for the defendant.

(8) Same as 7.

(18) If you believe from the evidence that plaintiff was an experienced miner, and before going under the rock examined the same, and it appeared, in the judgment of a man of experience, reasonably safe, and he then worked under it, plaintiff was not entitled to recover.

(21) Same as 18.

(22) Same as 18.

(29) If you believe from the evidence that plaintiff was an experienced miner, and just before the rock fell he sounded it, and it sounded perfectly safe, you should find for the defendant.

(30), (32), (33), and (34) Same as 29.

(47) If you believe from the evidence that it was not plaintiff's duty to look after the safety of the roof at the place where he was injured, plaintiff is not entitled to recover.

(48) Same as 47.

(49) If you believe from the evidence that plaintiff had no duties to perform with reference to the rock which fell upon him except upon instructions from Bramigan, and that he had no instructions from Bramigan with reference to it, you should find for the defendant.

(56) and (57) Same as 49.

(57½) Plaintiff is not entitled to recover more than nominal damages for any permanent decrease of earning capacity.

(58) Under the evidence plaintiff is not entitled to recover more than nominal damages for any decrease in earning capacity in the future.

A. F. Fite, of Jasper, for appellant.

Demurrer to count B should have been sustained. Acts 1911, p. 514; 78 South. 372. Plea 14 stated a good defense. 149 Ala. 440, 43 South. 378. The court erred in permitting the self-serving declaration. 148 Ala. 313, 42 South. 443; 16 Cyc. 1940(b). Court erred in permitting it to be shown that timbers were taken into the mine after plaintiff was injured. 203 Ala. 77, 82 South. 91; 191 Ala. 398, 67 South. 604. Affirmative charge 2 should have been given. 204 Ala. 77, 85 South. 289. Charges 24 and 52 should have been given. 202 Ala. 3, 79 South. 301; Counsel discuss other refused charges, but without further citation of authority.

Ray & Cooner and J. M. Pennington, all of Jasper, for appellee.

Count B was sufficient. 203 Ala. 194, 82 South. 445; 14 Ala. App. 181, 68 South. 798.

Plea 14 was subject to the demurrers. 202 Ala. 299; 80 South. 365. There was no error in the admission of evidence. 202 Ala. 299, 80 South. 366. The fact that plaintiff was an employee did not defeat recovery. 14 Ala. App. 181, 68 South. 798. Counsel discuss other refused charges, but without further citation of authority.

BROWN, J. The case was submitted to the jury on count B of the complaint as amended. The right of action stated in this count is rested upon the negligent failure of the defendant to furnish props after they had been properly designated and marked, as required by section 38 of the act approved April 18, 1911, entitled "An act to regulate the mining of coal in Alabama." Acts 1911, pp. 500-514.

[1] It is urged that the holding on the former appeal that it was not essential to the plaintiff's right of action that he aver and prove that he was an employé of the defendant is unsound and should be overruled.

This statute is not dealing with the relation of master and servant, but with the subject of mining coal, and it provides that "it shall be the duty of those working in said mine who need props or other timbers to select and mark the same when needed for propping by them," etc.; and when so marked and designated "it shall be the duty of the operator to promptly deliver, or cause to be delivered, such props or other timbers at the place designated." The terms "those working in the mines" are clearly comprehensive enough to include, and do include, all workers in the mine who are rightfully there at work, with the consent or on the invitation of the operator. We therefore adhere to the construction given to this statute on the former appeal for the reasons stated in the authorities. Corona Coal & Iron Co. v. Spann, 203 Ala. 194, 82 South. 444; Stith Coal Co. v. Harris, 14 Ala. App. 181, 68 South. 797.

[2] The defendant's plea of contributory negligence numbered 14 was subject to the objection pointed out by the seventeenth and eighteenth grounds of demurrer, and the demurrer thereto was properly sustained. Bedgood v. T. R. Miller Mill Co., 202 Ala. 299, 80 South. 364.

[3, 4] P. R. Savage, a witness called by the defendant, testified:

"I had a conversation with him [plaintiff] at the mouth of the mine a short time after he was hurt, about the time he was brought out, in which he said in substance that he was trying to pull the rock down with a pick and it fell on him."

On cross-examination witness further stated, without objection:

"I had a conversation with him after that. The time of which I am talking about to Mr. Fite was when he was brought out of the mine

with his leg broke, and the second conversation was at the blacksmith shop. * * * I think in the second conversation I had with him, I recalled to him that he had made that statement about trying to pull down the rock and he denied it."

After the witness had testified that the conversation last referred to occurred some seven or eight months after the injury, the witness was asked by plaintiff's counsel on cross-examination:

"And he told you that he didn't make that statement, didn't he?"

The defendant objected to this question on the ground, among others, that it called for a self-serving declaration. This objection was overruled, and the witness answered:

"He said if he made it he forgot it. He denied making the statement."

Defendant moved to exclude the answer, which motion was overruled.

The bill of exceptions will be construed most strongly against the appellant. Massey v. Smith, 73 Ala. 173; Dudley v. Chilton County, 66 Ala. 593; 2 Mayf. Dig. 488, § 118. And if it be conceded that this ruling was error, when the bill of exceptions is so construed, it appears that the witness had previously testified to these questions without objection, and the ruling of the court appears to be without injury; for, if the objection to the question had been sustained, and the answer excluded, there would have been left before the jury this testimony in substance at least.

[5] The plaintiff offered evidence tending to show that on the morning of the day of the injury he marked and set apart timbers, as required by the statute and the rules of the mine, to be delivered at plaintiff's place of work; that he was injured in the afternoon, about 3 o'clock, nine hours later, and the timbers had not been delivered up to the time of his injury. The witness Hargrove, offered by the defendant, testified:

"I saw the timbers being taken in there that morning. * * * They were going in as I was coming out. * * * It was somewhere between 9 and 10 o'clock that morning when I saw them going to 13 right. I was in there after I met these timbers and before the injury. There were timbers unloaded when I went back in there before the injury at 13 right."

In view of the testimony of this witness, it was permissible for the plaintiff to show in rebuttal that the timbers were not delivered until after the injury, and after the plaintiff had been carried out of the mine, not, of course, to show anterior negligence as an independent fact, but in contradiction of the testimony of the witness Hargrove. Bedgood v. T. R. Miller Mill Co., supra.

205 Ala.—14

The evidence tends to show that, while the plaintiff was cutting coal in the mine at the place designated "two face 13, right," a rock fell from the roof upon the plaintiff inflicting the injuries for which he claims damages. The rock which fell upon him was what is known in mining parlance as a "horseback or roll." The plaintiff was performing the duties of "shift man," and, while the evidence shows that it was not his general duty to look after the roof of the mine and make it safe—this duty not arising unless he was specially ordered by someone in authority to do so—yet there was evidence tending to show that it was a part of his duty to cut the loose coal at the "face" after a shot was made and to make the place safe for the machine man, so that the coal would not fall on the "scrapper." There was also evidence tending to show that when "a horseback or roll" is encountered in the work the rules require that the rock be sounded, and if it sounds unsafe the rock must be pulled down, but if it sounds safe the rule requires the rock to be propped or timbered, if it can be done, so as to guard against the elements of danger attending the roof affected with such rock. The evidence further shows that the rock was sounded by the plaintiff before he proceeded with the work and it "sounded safe," that it was so situated that it could have been propped or timbered and made safe if the timbers had been available, but that the timbers designated had not been delivered and no timbers were available for making this rock safe. The evidence further tended to show—and it was for the jury to so find—that the danger was not so imminent or obvious as that a reasonably prudent person, situated as plaintiff was, would not have proceeded with the work, and plaintiff in undertaking to remove the loose coal from the "face" that had been left by the shot, as was his duty to do, was injured by the rock falling upon him.

[6] In view of these phases of the evidence, it cannot be said as a matter of law that there was no proximate causal connection between plaintiff's injuries and the negligence of the defendant in failing to deliver the props or timbers at plaintiff's place of work, and hence the affirmative charge requested by the defendant was properly refused. Amerson v. Corona Coal & Iron Co., 194 Ala. 175, 69 South. 601; Southern Ry. Co. v. McGowan, 149 Ala. 440, 43 South. 378; Bear Creek Mill Co. v. Parker, 134 Ala. 293, 32 South. 700.

On the same hypothesis charges 7, 8, 18, 21, 22, 29, 30, 32, 33, 34, 47, 48, 49, 56, and 57 were properly refused. Southern Ry. Co. v. McGowan, 149 Ala. 440, 43 South. 378; Bear Creek Mill Co. v. Parker, 134 Ala. 293, 32 South. 700; Corona Coal & Iron Co. v.

Spann, 203 Ala. 194, 82 South. 444; Stith Coal Co. v. Harris, 14 Ala. App. 181, 68 South. 797.

[7] Charges 57½ and 58 ignore the phases of the evidence tending to show that plaintiff was permanently incapacitated to do the class of work that he was engaged in doing before he received the injury, and were therefore properly refused.

[8] Charges 24 and 52 were covered by charges 4, 5, 6, 11, 17, 23, 26, 50, 51, and 53, given at the instance of the defendant.

[9] The court at the instance of the defendant gave the following special charges:

"(4) If you believe from the evidence that the danger of the rock falling could have been discovered by the plaintiff by proper examination, and he failed to make such examination of the same, you should find for the defendant.

"(5) If you believe from the evidence that the danger of the rock falling could not have been discovered by proper examination, you should find for the defendant.

"(6) It was the duty of plaintiff to examine the rock over the place where he was working."

After verdict for the plaintiff, defendant made motion for a new trial on the ground, among others, that the verdict was contrary to the law as given in these charges, and now insists that a verdict for the plaintiff under the evidence in the case could not be rendered without violating these instructions. We do not think this contention can be sustained. As heretofore stated, the evidence shows that the plaintiff did examine the rock, making the usual test, that it "sounded safe," but the rock was of such nature that it showed an element of danger unless it was properly timbered or propped. However, it was open for the jury to find that this danger was not so imminent or obvious that a reasonably prudent man, circumstanced as plaintiff was, would have abandoned his work, and, if this was true, he was not guilty of contributory negligence in proceeding without the props. The statute presupposes that such danger may arise, and its purpose in imposing a duty on the mine operator to furnish props is to afford the means of eliminating the danger. In the absence of such danger making the use of the timbers and props necessary, no causal connection can be shown between an injury resulting from a failure to furnish such props and the negligence on the part of the operator in failing to furnish them. To hold that when such danger arises, though not obvious or imminent, the workman must assume the risk of proceeding or abandon the work, or he is guilty of contributory negligence in proceeding with the work, would take the very life out of the statute and destroy its purpose, which is to protect human life.

This disposes of all questions presented

in argument on the assignments of error, and, finding no reversible error, the judgment of the circuit court will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.